

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-94,947-01

### EX PARTE TERRENCE TERRELL SPRIGGS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1368185-A IN THE 262ND DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam*.

### O P I N I O N

Applicant pled guilty to delivery of cocaine less than one gram and was sentenced to four days imprisonment. Applicant did not file a direct appeal. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant raises allegations of false evidence and involuntary plea. Applicant contends that his due process rights were violated because Gerald Goines, a former officer with the Houston Police Department, who was the sole witness against him, was under investigation for falsifying evidence and had been relieved from duty. Applicant argues that the Court should infer that the officer's allegations were false based on his prior misconduct and that Applicant's due process rights were

violated. Applicant also argues that his guilty plea was involuntary because he did not have sufficient awareness of the relevant circumstances, specifically that Goines was making up charges against others during the same time Applicant was facing these charges. Based on the record, the trial court, with agreement from the State, recommended granting relief on both false evidence and involuntary plea.

We agree. Relief is granted. *Ex parte Chabot*, 300 S.W.3d 768, 772 (Tex. Crim. App. 2009)*; Brady v. United States*, 397 U.S. 742 (1970). The judgment in cause number 1368185 in the 262nd District Court of Harris County is set aside, and Applicant is remanded to the custody of the Sheriff of Harris County to answer the charges as set out in the indictment. The trial court shall issue any necessary bench warrant within ten days from the date of this Court's mandate.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.

Delivered: September 13, 2023
Do not publish